IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| **KATHLEEN A. KEENEY** individually | : | **CASE NO.** |
| as Wife & as Administrator of the Estate | : | |
| of Stephen C. Keeney, deceased | : | |
| c/o Mezher Law LLC | : | **JUDGE** |
| Attn: Michael B. Mezher Jr. Esq. | : | |
| 8075 Beechmont Avenue | : | |
| Cincinnati, OH 45255 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| c/o DEBRA HAALAND, in her official | : | |
| capacity as Secretary of the | : | |
| U.S. Dept. of the Interior | : | |
| 1849 C St., N.W. | : | |
| Washington, D.C. 20240 | : | |
| | : | |
| | : | |
| Defendant. | | |

# COMPLAINT
# FOR NEGLIGENCE

Now comes Plaintiff, Kathleen A. Keeney ("Plaintiff"), by and through counsel, and for her Complaint against the Defendant, the United States of American and Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior with supervision over the National Park Service (collectively "Defendants"), states as follows:

## JURISDICTION & VENUE

1. This is a tort action for compensatory damages from a motorcycle accident that occurred on the Blue Ridge Parkway in Buncombe, North Carolina involving

1

employees from the National Park Service ("NPS"), a division of the Department of Interior, an agency of the United States.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1346, which provides for exclusive jurisdiction of a civil action of claims against the United States.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391(e)(1)(c) because the Plaintiff resides in Hamilton County, Ohio and the decedent's estate is being administered in the Hamilton County Probate Court. No real property is involved in this action.

4. Plaintiff is domiciled in Hamilton County, Ohio. Mr. Keeney's estate was opened in Hamilton County, Ohio on July 26, 2021, and Plaintiff was duly appointed Administrator of his Estate.[1]

**PARTIES**

5. Plaintiff hereby incorporates and realleges all the previous allegations as if fully rewritten herein.

6. Plaintiff Kathleen A. Keeney is the surviving spouse of Stephen C. Keeney ("Mr. Keeney") and Administrator of her husband's estate being appointed by the Hamilton County Probate Court on July 26, 2021. She brings this action on behalf of herself as surviving spouse, her children and the next of kin of Mr. Keeney.

7. Defendant the United States of America was acting at all relevant times through its agency, the Department of Interior and its employees and its agents at the NPS.

---

[1] **Exhibit 1**: Letter of Authority issued by Hamilton County Probate Judge Ralph Winkler appointed Kathleen A. Keeney as Administratrix of the Estate of Stephen C. Keeney.

## FACTS

8. Plaintiff hereby incorporates and realleges all the previous allegations as if fully rewritten herein.

9. On or about September 30, 2020, Mr. Keeney was riding his 2000 Honda Goldwing motorcycle through the Blue Ridge Parkway. Mr. Keeney was an experienced biker who was familiar with riding his motorcycle through the Blue Ridge Parkway.

10. On or about September 30, 2020, two NPS maintenance workers stopped their white Dodge Ram 2500 truck and pulled over at mile post 372 to inspect debris on the side of the road.

11. While pulled over, the NPS Dodge Ram 2500 was obstructing movement of parkway traffic.

12. The NPS truck was not visible to drivers in either direction of the parkway. Additionally, NPS workers did not provide advance precautions or notice to drivers in either direction to signal their stoppage or maintenance of said debris.

13. As the NPS Dodge Ram 2500 was preparing to pull back onto the parkway, traffic was passing in both directions.

14. The driver of the NPS Dodge Ram 2500, that was obstructing the parkway, attempted to pull out in front of oncoming traffic, causing a vehicle in front of Mr. Keeney to hesitate and the swerve past the NPS Dodge Ram 2500.

15. This action by the driver of the NPS Dodge Ram 2500 caused Mr. Keeney to brake abruptly and unexpectedly, forcing Mr. Keeney off his bike and onto the pavement.

16. Reems Creek EMS arrived at the scene and transported Mr. Keeney to Mission Hospital in Ashville, North Carolina.

17. Mr. Keeney spent several days receiving treatment and fighting for his life.

18. On October 4, 2020, Mr. Keeney tragically died from blunt force injuries to the chest and abdomen that he suffered from the accident.

## COUNT I
### (Negligence and Negligence Per Se)

19. Plaintiff hereby incorporates and realleges all the previous allegations as if fully rewritten herein.

20. Under North Carolina law §20-161, the Defendants owed a duty of care to Mr. Keeney.

21. Under North Carolina law §20-161(b), "[n]o person shall park or leave standing any vehicle upon the shoulder of a public highway unless the vehicle can be clearly seen by approaching drivers from a distance of 200 feet in *both directions* *and* does not obstruct the normal movement of traffic."

22. The Defendants are negligent per se for its statutory violation when it pulled over the NPS Dodge Ram 2500 in a fashion that was not visible to drivers in both directions from a distance of 200 feet and obstructed the normal movement of traffic.

23. The Defendants breached their duty of care when they discretely parked their Dodge Ram 2500 in a manner that obstructed the highway of normal movement of traffic and then negligently and carelessly attempted to pull out onto oncoming traffic thereby directly causing the accident that led to Mr. Keeney's injuries and death.

24. Plaintiff has suffered irreparable harm that was directly and proximately caused by the Defendants' breach. But for the NPS Dodge Ram 2500 being undetectable and obstructing traffic and then carelessly pulling out onto oncoming traffic, Mr. Keeney would not have sustained the injuries that led to his death.

## COUNT II
### (Wrongful Death)

25. Plaintiff hereby incorporates and realleges all the previous allegations as if fully rewritten herein.

26. Defendants negligently, willfully, wantonly, recklessly, and with deliberate disregard caused the wrongful death of Stephen C. Keeney, resulting in damages recoverable by Plaintiff under North Carolina law, § 28A-18-2.

## COUNT III
### (Survival Claim)

27. Plaintiff hereby incorporates and realleges the previous allegations as if fully rewritten herein.

28. Defendant and their Agent negligently, willfully, wantonly, recklessly, and with deliberate disregard caused the injuries and severe pain and suffering to Stephen Keeney during his life resulting in damages recoverable under North Carolina law, §28A-18-1.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays for damages in excess of seventy-five thousand dollars ($75,000.00), interest, costs, reasonable attorney fees, and all other equitable relief deemed necessary and just.

Respectfully submitted,

/s/Michael B. Mezher Jr.
Michael B. Mezher Jr. (0087291)
Joseph R. Mezher (0098450)
Alexander A. Misali (0099627)
Attorneys for Plaintiffs
**MEZHER LAW, LLC**
8075 Beechmont Ave.
Cincinnati Ohio 45230
(513) 474-3700
Fax: (513) 388-4652
Michael@Mezherlaw.com
Joseph@Mezherlaw.com
Alex@Mezherlaw.com

## JURY DEMAND

The Plaintiff demands a trial by jury on all claims and/or issues so triable.

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and accurate copy of the foregoing Complaint was served upon the below recipients by Certified US Mail and E-mail were indicated on September 30, 2022.

United State of America
United State Department of the Interior
Debra Haaland, Secretary of the Department of Interior
1849 C. St. N.W.
Washington D.C. 20240

**Courtesy Copy Only**:

Patricia J. Reedy Esq.
Assistant Solicitor
Division of General Law, Torts Practice Branch
William Howard Taft Historical Site
2048 Auburn Avenue
Cincinnati, Ohio 45219

Charles Wallace Esq.
Department of the Interior – Office of the Solicitor
Torts Practice Branch
Charles.wallace@sol.doi.gov

                                                /s/Michael B. Mezher Jr.
                                                Michael B. Mezher Jr. (0087291)

EXHIBIT 1

**PROBATE COURT OF HAMILTON COUNTY, OHIO**
**RALPH WINKLER, JUDGE**

ENTERED JUL 26 2021

ESTATE OF _Stephen C. Keeney_ , DECEASED

CASE NO. __2021003471__   IMAGE NO. __90__

## ENTRY APPOINTING FIDUCIARY - LETTERS OF AUTHORITY

[For Executors and all Administrators]

Name and Title of Fiduciary _Kathleen A. Keeney - Administrator_

On hearing in open Court the application of the above fiduciary for authority to administer decedent's estate, the Court finds that;

Decedent died **[check one of the following]** ☐ testate - ☑ intestate - on _October 4, 2020_, domiciled in _6612 Haley Ave. Cincinnati, OH 45227_

**[Check one of the following]** ☐ Bond is dispensed with by the Will - ☑ Bond is dispensed with by law - ☐ Applicant has executed and filed an appropriate bond, which is approved by the Court; and

Applicant is a suitable and competent person to execute the trust.

The Court therefore appoints applicant as such fiduciary, with the power conferred by law to fully administer decedent's estate. This entry of appointment constitutes the fiduciary's letters of authority.

_July 26, 2021_
Date

_Ralph Winkler, jmn_
Ralph Winkler, Probate Judge

## CERTIFICATE OF APPOINTMENT AND INCUMBENCY

The above document is a true copy of the original kept by me as custodian of the records of this Court. It constitutes the appointment and letters of authority of the named fiduciary, who is qualified and acting in such capacity.

RALPH ... JUDGE
[Seal]
2021 JUL 26 AM 10: 27
HAMILTON COUNTY PROBATE COURT

Ralph Winkler, Probate Judge/Clerk

by:_____

_____
Date

FORM 4.5 - ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY        07/01/77